**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOHNNY LEE WILLIAMS**                                                                                    **PETITIONER**

**v.**                                   **4:06-CR-00418-01 GTE**
                                         **4:08-CV-00284-GTE**

**UNITED STATES OF AMERICA**                                                                      **RESPONDENT**

**ORDER**

Pending is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 29). The Government has responded and Petitioner has replied.[1] For the reasons stated below, the Court concludes that Petitioner's motion must be denied. The Court also denies Petitioner's request for a hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]

**I.   BACKGROUND**

Petitioner was charged in a one-count indictment with being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1), and being an armed career criminal under 18 U.S.C. § 924(e). On June 11, 2007, Petitioner pled guilty to the indictment, and was sentenced to 180 months in prison on November 6, 2007.[3] Petitioner did not appeal his sentence.

**II.   DISCUSSION**

To prevail on an ineffective assistance of counsel claim, Petitioner must show both

---

[1] Doc. Nos. 34, 39.

[2] 28 U.S.C. § 2255.

[3] Doc. Nos. 22, 26, 27.

1

deficient performance and prejudice. Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[4] When considering ineffective assistance claims that are based on the failure to file an appeal, the Supreme Court has held: "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."[5] Petitioner has the burden of establishing that he expressly instructed his counsel to file an appeal.[6]

Petitioner argues that counsel provided ineffective assistance before and during the plea process by "fail[ing] to give the Petitioner reasonably competent advice concerning the advantages/disadvantages of entering a plea of guilty versus going to trial."[7] Specifically, Petitioner argues that counsel advised him to enter his plea of guilty under 18 U.S.C. § 924(e) as an Armed Career Criminal, even though he had less than three prior violent felony convictions. According to Petitioner, the violent felonies that were relied on for the § 924(e) enhancement were "2nd degree murder; possession of cocaine and felon [in possession] of a firearm; and driving while intoxicated."[8] Petitioner contends that the DWI conviction is not a violent felony for purposes of § 924(e).

---

[4]*Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

[5]*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

[6]*Barger v. U.S.*, 204 F.3d 1180, 1182 (8th Cir. 2000).

[7]Doc. No. 30.

[8]*Id.*

The Court acknowledges that the Supreme Court recently held that the crime of driving under the influence of alcohol is not a violent felony under the Armed Career Criminal Act.[9] However, this does not support Petitioner's position, because the DWI conviction was not listed in the indictment and was not included among the three predicate offenses used to enhance Petitioner's sentence. The following offenses, all of which qualify as violent felonies, were considered when giving Defendant the § 924(e) enhancement: 2nd degree murder; one residential burglary;[10] and four commercial burglaries in 1985.[11]

In his reply and Motion to Supplement the Record, Petitioner contends that the burglaries were "dismissed, and nolle prossed because the plea accepted by the state court regarding the burglary offenses was later found to be unconstitutional . . . ."[12] However, Petitioner provided no evidence to support his bare assertions, nor did he raise this issue at sentencing when asked if there were errors in the Presentence Report. Petitioner attached several exhibits to his Motion to Expand the Record, but none support his assertion that the burglary convictions were vacated.

Petitioner was properly sentenced as an Armed Career Criminal under § 924(e). His attorney accurately advised him, prior to entering his plea, that his significant criminal history would trigger application of a fifteen year mandatory minimum sentence. His attorney worked out a plea deal for Petitioner in which the Government agreed to the minimum possible sentence of fifteen years. The Court imposed a sentence of fifteen years. Plaintiff has failed to come

---

[9]*Begay v. United States*, 128 S. Ct. 1581, 1583 (2008).

[10]The definition of a "violent felony" includes burglary. 18 U.S.C. § 924(e)(2)(B).

[11]The Court notes that to qualify under the Armed Career Criminal Act, the three convictions must be "discrete criminal episodes" which are not part of a continuous course of conduct. *See United States v. Gray,* 85 F.3d 380, 381 (8th Cir.1996); *United States v. Hamell,* 3 F.3d 1187, 1191 (8th Cir.1993). Here, the PSR indicates that the burglaries occurred on separate days, involved separate victims, and some involved various accomplices. Although Petitioner was sentenced on the same day for all five burglaries, the burglaries are discrete criminal episodes, rather than a continuous course of conduct. See also *United States v. Mason,* 440 F.3d 1056, 1057-1058 (8th Cir. 2006) (citing cases).

[12]Doc. No. 39.

forward with any evidence that his attorney's performance was deficient in any way. Accordingly, his ineffective assistance claim fails.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Expand the Record (Doc. No. 40) is GRANTED, and Petitioner Johnny Lee Williams' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 29) is DENIED. Accordingly, this case is DISMISSED. Petitioner's Motion to Appoint Counsel (Doc. No. 43) is DENIED as MOOT.

IT IS SO ORDERED this  10th  day of March, 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE